IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Allonhill, LLC,[1] | Case No.: 14-10663 (KG) |
| Reorganized Debtor. | |

**REORGANIZED DEBTOR'S STATUS REPORT AND CONDITIONAL REQUEST FOR STATUS CONFERENCE PURSUANT TO 11 U.S.C. § 105(D)**

The reorganized debtor (the "**Debtor**") in the above-captioned case (the "**Case**") hereby files this status report (the "**Report**") and conditional request for a status conference pursuant to section 105(d) of The Bankruptcy Reform Act of 1978, as codified in title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). In support of the same, the Debtor respectfully states as follows:

**STATUS REPORT**

1. The primary purpose of this Report is to update the Court and parties in interest on the status of various material developments in this Case since confirmation of the Debtor's Plan[2] (as defined below). These changes primarily relate to the resolution of pre-petition claims and prosecution of estate claims, as well other matters which were unresolved as of confirmation, including (i) the Aurora Litigation; (ii) the XL Claim; and (iii) the Stewart Litigation (all terms as defined below). The Report is not intended to seek relief from the Court. Should the Court have any questions regarding the matters detailed in this Report, the Debtor respectfully suggests that the Court enter an order

---

[1] The last four digits of the Debtor's tax identification number are (XX-XXX8464). The address of the Debtor's corporate headquarters is 1200 17th Street, Suite 880, Denver, Colorado 80202.

[2] All capitalized terms used in the Report shall have the meanings ascribed to them *infra*, unless otherwise indicated.

{BAY:03305126v6}

scheduling a status conference pursuant to section 105(d) of the Bankruptcy Code.[3] For that reason the Debtor styled this Report also as a "conditional request" for a status conference.

2. This Case has been pending for more than four years, and has been post-effective for nearly two and a half years. In recent weeks, substantial progress has been made towards fulfilling the goals of the Plan, most notably the resolution of the Aurora Litigation. That progress is detailed further as follows:

A. Background Regarding the Bankruptcy Case

3. On March 26, 2014 (the "**Petition Date**"), the Debtor filed a petition with this Court commencing its case (the "**Bankruptcy Case**") under chapter 11 of the Bankruptcy Code. A full description of the Debtor's business operations, corporate structure, capital structure, and reasons for commencing this Case is set forth in the *Amended Declaration of Margaret Sue Allon in Support of Chapter 11 Petition and First Day Motions* [D.I. 3; as amended, D.I. 73] (the "**First Day Declaration**"), which was filed on the Petition Date and which is incorporated herein by reference.

4. On December 17, 2015, the Debtor's *Third Amended Plan of Reorganization Under Chapter 11* [D.I. 551] (the "**Plan**") was confirmed by the Court's *Order Confirming Third Amended Plan of Reorganization of Allonhill LLC* [D.I. 593] (the "**Confirmation Order**").

5. The Plan became effective on January 15, 2016. Pursuant to the Plan, all assets of the estate, including Causes of Action (as defined in the Plan), were preserved and vested in the Debtor, and the Debtor was appointed and was authorized as "estate

---

[3] Section 105(d) of the Bankruptcy Code provides that "[t]he court, on its own motion or on request of a party in interest—(1) shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case." 11 U.S.C. § 105(d)(1).

{BAY:03305126v6}

- 2 -

representative" to pursue all such Causes of Action on behalf of, and for the benefit of, holders of claims and interests under the Plan. With the exception of the Stewart Claim and the XL Claim, upon effectiveness of the Aurora Settlement, all unsecured claims against the Debtor's estate have been resolved. The remaining litigation assets are the Stewart Litigation and causes of action against XL.

B. The Aurora Litigation

6. As discussed in the First Day Declaration, prior to the Petition Date, the Debtor filed a complaint against Aurora Bank FSB n/k/a Aurora Commercial Corp. ("**Aurora**") in the District Court for the City and County of Denver, Colorado (the "**Colorado Court**"), seeking payment of more than $22 million in unpaid fees under the Aurora Contract (as defined in the First Day Declaration) as of the date of termination in the case styled *Allonhill, LLC v. Aurora Bank, FSB* (Case No. 12CV6381) (collectively with the appeals referenced *infra,* the "**Aurora Litigation**"). Aurora counterclaimed for the return of $24,000,000.00 previously paid to the Debtor under the Aurora Contract (as defined in the First Day Declaration). The Aurora Litigation was tried in December 2013, and immediately prior to the Petition Date, the Colorado Court found in favor of Aurora and against the Debtor on Aurora's breach of contract and fraud counterclaims and awarded damages of $25,845,329.00 to Aurora, along with statutory prejudgment interest (the "**Aurora Judgment**"). The Debtor appealed the Aurora Judgment, which appeal has been ongoing through the duration of this Case. As a result of the appeal, the judgment has been reduced substantially to approximately $2 million.

7. On May 15, 2014, Aurora filed a proof of claim in the amount of $30,967,999.51, as Claim No. 6 (the "**Aurora Claim**").

8. On June 14, 2018, the Debtor filed the *Notice of (I) Settlement of Litigation with Aurora Commercial Corp f/k/a Aurora Bank, FSB and (II) Allowance of Claim* [D.I. 794] (the "**Notice of Settlement**"). A copy of the Notice of Settlement is attached hereto as **Exhibit B**. The Notice of Settlement details the Debtor's and Aurora's resolution of the Aurora Litigation and the Aurora Claim (the "**Aurora Settlement**"); it states, *inter alia*, that the Aurora's Claim will be allowed as a Class 3 General Unsecured Claim in the amount of $2,050,000.00.

C. The XL Claim

9. In connection with the Aurora Litigation, the Debtor's liability insurance carrier, XL Specialty Insurance Company, has asserted the right under an exclusion contained in its policy with the Debtor to be repaid all fees and expenses XL advanced to the Debtor in connection with the Aurora Litigation. XL later substantiated these amounts when it filed its proof of claim at Claim No. 18, dated January 21, 2015 (the "**XL Claim**"); the XL Claim seeks $2,904,977.83 paid through the date of the XL Claim "plus interest and additional amounts," as detailed therein.

10. The XL Claim was subject to revision based upon the outcome of the Aurora Litigation. Given that the Aurora Litigation is now resolved, the XL Claim is ripe for final resolution. There is no agreement between the Debtor and XL regarding XL's claim or the Debtor's rights to seek recovery from XL of the defense and liability amounts not paid by XL in connection with the Aurora Litigation. XL has paid a portion of the costs and fees incurred in the Aurora Litigation under a reservation of rights and the Debtor contends that the denial of coverage was unlawful and the balance of the covered losses needs to be paid by XL under the terms of the policy which was assumed

as an executory contract under the Plan. *See* Plan, Section 5.06(d). Notwithstanding, the Debtor disputes the amounts sought in the XL Claim in all respects, and has engaged in discussions with XL regarding the same. As of the date of this Report, no resolution has been reached.

D. <u>The Stewart Litigation</u>

11. On March 25, 2016, the Debtor brought an adversary proceeding (the "**Adversary Proceeding**") against Stewart Lender Services, Inc. ("**Stewart**") when it filed the *Complaint (I) To Avoid Transfers Pursuant to 11 U.S.C. Sections 544, 547(b) and 548, (II) To Declare Estate's Interest in Property Pursuant to 11 U.S.C. Section 541(a), (III) To Recover Property Pursuant to 11 U.S.C. Section 550, (IV) to Disallow Claims Pursuant to 11 U.S.C. Section 502(d), (V) For Declaratory Judgment and (VI) For Breach of Contract*.

12. On July 13, 2016, the Debtor filed an objection to Stewart's proof of claim (the "**Stewart Claim**") in this Case [D.I. 691] (the "**Claim Objection**"). The Claim Objection and the Adversary Proceeding were later consolidated by order of the Court at D.I. 698 (as consolidated, the "**Stewart Litigation**"). The consolidated proceeding is currently pending before this Court in the case styled *Allonhill, LLC v. Stewart Lender Services, Inc.*, Adv. Proc. No. 16-50419 (KG).

13. Subsequent to the Stewart Litigation's consolidation, the Court heard oral argument on Stewart's motion to dismiss portions of the Complaint, which motion was denied on November 3, 2016. See Adv. D.I. 35, 36. Since that time, discovery has been ongoing, and the parties engaged in mediation before the Honorable Melanie L. Cyganowski on January 11, 2018; this mediation was unsuccessful at reaching

settlement, as noted in Judge Cyganowski's *Mediator's Report* filed May 11, 2018. *See* Adv. D.I. 91.

14. On April 17, 2018, the Court entered the *Fourth Amended Scheduling Order* in the Adversary Proceeding, as Adv. D.I. 90 (the "Scheduling Order"). The Scheduling Order provides, *inter alia*, for (i) the completion of Expert Discovery by September 14, 2018; (ii) a final pretrial conference held before the Court on October 15, 2018 at 1:00 PM, with pretrial briefs due the same day; and (iii) the commencement of a five-day trial beginning at 9:30 AM ET on December 3, 2018.

15. Due to the extended litigation with Aurora and Stewart, the Debtor's cash reserves have been reduced. A resolution of the Stewart Litigation in favor of the Debtor, however, could bring substantial benefit and recovery to the Debtor's estate. To conserve resources, the Debtor determined that it would be appropriate to enter into a new arrangement with its litigation counsel, Hogan Lovells US LLP ("**Hogan**"), relative to the Stewart Litigation which reduced cash outlays. The terms of Hogan's revised agreement with the Debtor provides that only 50% of Hogan's monthly fees are due upon expiration of the objection deadline for the Debtor's monthly fee notices, with a potential success fee on the balance, depending on the outcome of the Stewart Litigation.

16. The Debtor also has obtained financing to backstop the Stewart Litigation costs. That funding will be provided pursuant to a Litigation Funding and Security Agreement, dated as of June 12, 2018 (the "**Funding Agreement**"), by and between the Debtor and Murrayhill Ave. Finance, LLC ("**MAF**"). MAF is a Colorado limited liability company, of which Harvey Allon and Margaret Sue Allon are managers. The Funding Agreement provides for advances by MAF to the Debtor of up to $5 million, with interest

at 4% per annum, for the purpose of paying certain professional fees and expenses, and requires repayment as and when the Debtor receives proceeds from the Stewart Litigation. The Debtor also grants to MAF a security interest in such proceeds to secure repayment of advances. Prior to entering into the Funding Agreement, the Debtor explored other litigation funding options and concluded that the Funding Agreement, combined with the alternative fee arrangement with Hogan, is the most advantageous and cost-effective method available to pursue the Stewart Litigation to conclusion.

WHEREFORE, the Debtor respectfully requests, should the Court wish to hold a status conference pursuant to section 105(d) in this case based on this Report or otherwise, that His Honor enter an order substantially consistent with the proposed order attached hereto as **Exhibit A**, within three weeks of the date hereof.

| | |
|---|---|
| Dated:  June 22, 2018<br>          Wilmington, Delaware | BAYARD, P.A.<br><br>*/s/ Evan T. Miller*<br>Neil B. Glassman (No. 2087)<br>Evan T. Miller (No. 5364)<br>600 N. King Street, Suite 400<br>Wilmington, DE 19801<br>Telephone: (302) 655-5000<br>Facsimile: (302) 658-6395<br>E-mail:  nglassman@bayardlaw.com<br>            emiller@bayardlaw.com<br><br>- and -<br><br>Lynn Holbert, Esq.<br>HOGAN LOVELLS US LLP<br>875 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 918-3000<br>Facsimile: (212) 918-3100<br>E-mail:  lynn.holbert@hoganlovells.com<br><br>*Counsel to the Reorganized Debtor* |

{BAY:03305126v6}

- 7 -