B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re Allonhill, LLC                                          Case No. 14-10663 (KG)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Laurel Valley Financial, LLC | XL Specialty Insurance Company |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to Transferee should be sent:

Laurel Valley Financial, LLC
1125 17th Street, Suite 1510
Denver, CO 80202
Phone: (303) 308–6402

Court Claim # (if known): 18
Amount of Claim: $3,953,946.90
Date Claim Filed: 1/20/2015

Phone: (860) 948–1925
Last Four Digits of Account #:

Last Four Digits of Account #:

Name and Address where Transferee payments should be sent (If different from above): N/A

Phone: N/A
Last Four Digits of Account #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____        Date: January 29, 2019

Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## **CLAIM PURCHASE AGREEMENT**

**ASSIGNMENT OF CLAIM.** XL Specialty Insurance Company, a Delaware Insurance Company ("**Seller**"), with a principal address of 100 Constitution Plaza, 13th Floor, Hartford, CT 06103, for good and valuable consideration as described herein, does hereby absolutely and unconditionally sell, convey, and transfer to Laurel Valley Financial, LLC, a Colorado LLC ("**Purchaser**"), all of Seller's right, title, benefit, interest, claims, and causes of action in and to, or arising under or in connection with, Seller's claim against Allonhill, LLC (the "**Debtor**"), including all rights arising from, and the claims represented by, Proof of Claim No. 18 (the "**Claim**"), as filed by Seller in the Debtor's bankruptcy case, Case No. 14-10663 (KG) (the "**Bankruptcy Case**") in the United States Bankruptcy Court for the District of Delaware on January 21, 2015. The Claim is based on amounts, if any, owed to Seller by the Debtor. This Claim Purchase Agreement (this "**Agreement**") shall be deemed an unconditional purchase of the Claim for the purpose of collection and shall not be deemed to create a security interest. Purchaser shall pay to Seller four hundred and one thousand dollars ($401,000.00) (the "**Purchase Price**") in consideration for the purchase of the Claim.

**PROOF OF CLAIM**. Seller represents and warrants that a copy of any and all Proofs of Claim that they have filed shall be provided to Purchaser. The term "Proof of Claim" shall include: (a) any and all Proofs of Claim filed by or on behalf of Seller in respect of the Claim, and (b) any and all of Seller's documentation supporting the Claim.

**REPRESENTATIONS, WARRANTIES, AND COVENANTS**. Seller represents, warrants, and covenants that, (a) Seller owns and has sole title to the Claim free and clear of any and all liens, security interests, or encumbrances of any kind or nature whatsoever, including, without limitation, pursuant to any factoring agreement, and upon the sale of the Claim to Purchaser, Purchaser will receive good title to the Claim; (b) Seller has not previously sold, assigned, transferred, or pledged the Claim, in whole or in part, to any person or entity and neither Seller, nor any other person or entity, has received any payment or other distribution, in full or partial a satisfaction of, or in connection with, the Claim; (c) the basis for the Claim is amounts Seller believes are validly due from and owing by the Debtor; (d) the Seller has not engaged in any acts, conduct or omissions that might result in Purchaser receiving, in respect of the Claim, less payments or distributions or any less favorable treatment than other similarly situated creditors; (e) "Seller" is not "insolvent" within the meaning of Section 1-201(23) of the Uniform Commercial Code or Section 101(32) of title 11 of the United States Code, §§ 101–1532 (as amended, the "**Bankruptcy Code**"); and (f) Seller is not an "insider" of the Debtor, as set forth in § 101(31) of the Bankruptcy Code, or a member of any official or unofficial committee in connection with the Case. Seller acknowledges and unconditionally agrees any misrepresentation of the foregoing provisions or breach by Seller of this Agreement may cause Purchaser irreparable harm and accordingly, Purchaser shall be entitled to all available remedies for any such misrepresentation, breach, or threatened breach, including but not limited to the immediate recovery of money damages ("**Restitution**") plus reasonable attorney's fees and costs.

Seller is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim. Seller represents that it has adequate information concerning the Case to make an informed decision regarding the sale of the Claim and that it has independently

1

and without reliance on Purchaser and based on such information as it has deemed appropriate, made its own analysis and decision to enter into this Agreement.

**EXECUTION OF AGREEMENT**. Contingent upon the separate Settlement Agreement between Seller, Purchaser and Debtor, to which this Agreement is an exhibit, becoming effective by its terms, this Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Purchaser, (b) the Agreement is executed by an authorized representative of Purchaser, and (c) the Purchase Price is received by Purchaser.

**CONSENT AND WAIVER**. Seller hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objections to the notice of the transfer of the Claim and/or to receive notice regarding the Claim pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**CLAIM OR RECOVERY IMPAIRED OR ALLOWED FOR AN AMOUNT LESS THAN CLAIM AMOUNT**. Purchaser assumes all risks with respect to the amount of Recovery, even if the recovery on the Claim **(the "Recovery")** is less than the Purchase Price. Seller is not liable to Purchaser for Restitution if the Recovery is less than the amount of the Purchase Price for any reason other than a breach by Seller of this Agreement.

**NOTICES RECEIVED BY SELLER; FURTHER COOPERATION**. Seller agrees to immediately forward to Purchaser any and all notices received from Debtor, the Court or any person or entity regarding the Claim. Moreover, Seller shall take such further action as Purchaser may request from time to time in order to effect the transfer of the Claim and to direct any payments or distributions, or any Recovery on account of the Claim, to Purchaser.

**RECOVERY RECEIVED/DELAYED BY SELLER**. In the event Seller (i) receives any distribution of the Recovery, or any portion thereof, made payable on or after the date of Seller's execution of this Agreement, or (ii) delays or impairs Purchaser's right to Recovery for any reason (each (i) and (ii) a "**Delayed Recovery Event**"), then Seller agrees to (a) accept any Recovery the same as Purchaser's agent and to hold the same in trust on behalf of and for the sole benefit of Purchaser and shall promptly deliver the same forthwith to Purchaser in the same form received, or in a form reasonably requested by Purchaser, free of any withholding, set-off, claim, or deduction of any kind and/or (b) settle or cure the reason for the Delayed Recovery Event (each (a) and (b) a "**Settlement**") within ten (10) business days of the Delayed Recovery Event (the "**Settlement Date**"). Seller shall pay Purchaser interest, calculated at the rate of two (2%) percent per month, of any amount or portion of Recovery that incurs a Delayed Recovery Event, for each day after the Settlement Date until such Recovery is received by Purchaser.

**AUTHORIZATIONS**. Seller appoints and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all amounts as now are, or may hereafter become, due and payable on account of the Claim, with all associated fees and costs to be borne by Purchaser. Seller grants Purchaser full authority to do all things necessary to enforce the Claim and its rights thereunder. Seller agrees that the grant of the power and authority herein is irrevocable and shall survive the subsequent disability or incapacity of Seller and that the powers granted in this paragraph are discretionary in nature and that Purchaser may exercise or decline to exercise such powers in Purchaser's sole and absolute discretion. Purchaser shall have no obligation to prove

or defend the Claim. Seller hereby authorizes Purchaser to file a Notice of Transfer of Claim Other than For Security pursuant to Bankruptcy Rule 3001(e)(2).

**INDEMNIFICATION**. Seller and Purchaser agree to indemnify each other and to hold each other harmless from all losses, damages and liabilities, including reasonable attorney's fees and expenses, which result from a breach of any representation, warranty, or covenant set forth herein.

**GOVERNING LAW**. This agreement shall be governed by and construed in accordance with the laws of the State of Delaware. Any action arising under or relating to this Agreement must be brought in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and Seller consents to and confers personal jurisdiction over Seller by the Bankruptcy Court and agrees that service of process may be upon Seller by mailing a copy of such process to Seller at the address set forth in this Agreement.

**MISCELLANEOUS**. The parties to this Agreement agree that the negotiations leading to the terms of this Agreement are confidential and may not be disclosed without both parties' prior written consent. Each party expressly acknowledges and agrees that it is not relying upon any representations, promises, or statements, except to the extent that the same are expressly set forth in this Agreement, and that each party has the full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement. The parties hereby mutually agree and stipulate that this Agreement is the result of negotiations between the parties, advised by their respective counsel, and the terms hereof are jointly negotiated terms. Accordingly, any rules of interpretation, construction or resolving ambiguity against the drafter that otherwise apply, shall not apply hereto. This Agreement (i) may not be modified, waived, changed, or discharged in whole or in part, except by an agreement in writing signed by the parties; (ii) constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and (iii) supersedes all prior agreements, understandings, and representations pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Purchaser may at any time resell the Claim, or any portion thereof, together with all right title and written consent of Purchaser. This Agreement shall be binding upon any prospective successor of Seller (whether by operation of law, merger, or otherwise) or on any purchaser of all or substantially all of Seller's assets ("**Transfer**"). In connection with any such Transfer, the purchaser, successor, or assignee of Seller shall be bound by the terms and conditions of this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any Transfer. This Agreement may be signed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute the Agreement. Failure or delay on the part of Purchaser to exercise any right, power, or privilege hereunder shall not operate as a waiver thereof.

Seller:

XL Specialty Insurance Company

By: Justin Kudler
Title: Assistant Vice President, Claims
XL Catlin
AXA XL, a division of AXA
100 Constitution Plaza, Hartford, CT 06103, USA
Email: justin.kudler@axaxl.com
Tel : +1 860 948 1925
Fax: +1 860 548 9572

Date: 1/22/19

Accepted and Agreed:

Purchaser:

Laurel Valley Financial, LLC

By: Harvey Allon
1125 17th Street, Suite 1510
Denver, CO 80202
Tel: (303) 308–6402
Fax: (303) 291–1312

Date: 1/24/19

4